UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HOFRATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-cv-03212-JPH-TAB |
| | ) |
| FINANCIAL PARTNERS CREDIT UNION, | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER TRANSFERRING CASE**

Plaintiff sued Financial Partners Credit Union and Equifax Information Services in this Court in December 2020, alleging violations of the Fair Credit Reporting Act. Dkt. 1. Defendant Financial Partners filed a motion to dismiss for lack of personal jurisdiction. Dkt. [9]. Rather than responding to the motion to dismiss, Plaintiff moved to transfer the case to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a). Dkt. [16]. Equifax has consented to this transfer, dkt. 16 at 3 ¶ 5, but Financial Partners opposes it, dkt. 17.

"[A] district court may transfer any civil action to any other district or division where it might have been brought . . . or to any district or division to which all parties have consented" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "When deciding whether to transfer a case under § 1404(a), a district court therefore must evaluate both the convenience of the parties and various public-interest

1

considerations." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020). These public-interest considerations include "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id.* at 708. "[T]o the extent that court congestion matters, what is important is the speed with which a case can come to trial and be resolved." *Id.* at 710 (citation and emphasis omitted).

Here, Plaintiff has moved to transfer this case to the United States District Court for the Central District of California because:

- Plaintiff resides there, dkt. 16 at 1 ¶ 1;
- Defendant Financial Partners has its principal place of business in California, *id.* ¶ 2, and thus the U.S. District Court for the Central District of California would have personal jurisdiction over it,[1] *id.* at 2 ¶ 3.4; *see* dkt. 17; and
- Defendant Equifax consents to the transfer, dkt. 16 at 3 ¶ 5.

Since Financial Partners is subject to personal jurisdiction in California and Equifax has waived any objection to venue there through its consent to transfer,[2] Plaintiff has shown that the case could have been brought in the U.S.

---

[1] As a California-chartered credit union with its principal place of business in California, Financial Partners can be "fairly regarded as at home" in California and thus subject to general personal jurisdiction there. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

[2] Because "[v]enue is primarily a matter of convenience of litigants and witnesses," "an objection to venue can be waived or forfeited." *Auto. Mechanics Loc. 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (citations omitted).

District Court for the Central District of California.  *See* 28 U.S.C. § 1404(a); *see* 28 U.S.C. § 1391(b).  Additionally, Plaintiff has established that the convenience of the parties supports transfer under § 1404(a): Plaintiff and Defendant Financial Partners reside in California, and Defendant Equifax—the only party that resides outside California—does not oppose the transfer.  *See* dkt. 16.

The interest of justice—including both California's relationship to the litigation and the potential for a speedier trial—also favors transfer.  First, California has a stronger relationship to the controversy because the dispute affects two of its residents.  Moreover, median time from filing to trial in the Central District of California is around twenty months, and in this district it is close to forty months.[3]  This district has the third highest caseload by weighted filings in the nation, *id.*, which affects how quickly the "case can come to trial and be resolved." *Ryze*, 968 F.3d at 710.

While Defendant Financial Partners opposes transfer, it does not dispute that transfer would promote the interests of justice and the convenience of parties and witnesses under 28 U.S.C. § 1404(a).  *See* dkt. 17.  Instead, Financial Partners points to its motion to dismiss for lack of personal jurisdiction as its sole reason for opposing transfer.  *Id.*  But a "district court[] may grant a petition to transfer under § 1404(a) . . . whether or not it ha[s] personal jurisdiction over the defendant." *Wade v. Farmers Ins. Grp.*, No. 95-

---

[3] *See* Admin. Office of the U.S. Courts, *United States District Courts—National Judicial Caseload Profile* 51, 68 (Sept. 2020), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf.

3

2957, 1996 WL 508613, at *4 n.6 (7th Cir. 1996) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)).

Because the interests of justice and convenience support transfer, Plaintiff's motion to transfer is **GRANTED**. Dkt. [16]. The clerk **SHALL TRANSFER** this case to the United States District Court for the Central District of California and close this case on the docket. Accordingly, Defendant Financial Partner's motion to dismiss for lack of personal jurisdiction is **DISMISSED without prejudice as moot**. Dkt. [9].

**SO ORDERED.**

Date: 5/24/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

G. John Cento
CENTO LAW
cento@centolaw.com

Patrick J. Ruberry
LITCHFIELD CAVO LLP
ruberry@litchfieldcavo.com

Brandon Stein
SEYFARTH SHAW LLP (Chicago)
bstein@seyfarth.com